1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED  STATES  DISTRICT  COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE MEDA,                          ) 1:09-cv—00161-SMS-HC
                                    )
              Petitioner,           ) ORDER GRANTING RESPONDENT'S
                                    ) MOTION TO DISMISS (DOC. 16)
                                    ) AND DISMISSING THE ACTION
      v.                            ) WITH PREJUDICE
                                    )
BEN CURRY, Warden,                  ) ORDER DIRECTING THE CLERK TO
                                    ) ENTER JUDGMENT AND CLOSE THE CASE
              Respondent.           )
                                    ) ORDER DECLINING TO ISSUE A
_____     ) CERTIFICATE OF APPEALABILITY

        Petitioner is a state prisoner proceeding pro se and in

forma pauperis with a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the

parties have consented to the jurisdiction of the United States

Magistrate Judge to conduct all further proceedings in the case,

including the entry of final judgment.[1]  Pending before the Court

is Respondent's motion to dismiss the petition for untimeliness,

which was filed on December 3, 2009, along with lodged documents.

Petitioner filed opposition on March 15, 2010.  Respondent filed

---

[1] The parties manifested their consent in written consent forms signed
by them or by their representatives and filed by Petitioner on July 23, 2008,
February 5, 2009, and October 19, 2009, and on behalf of Respondent on
December 3, 2009.

a reply on May 3, 2010, and lodged an additional document.
Pursuant to Local Rule 230(l), the motion is submitted for
decision without oral argument.

I. <u>Motion to Dismiss for Untimeliness</u>

Respondent has filed a motion to dismiss the petition on the
ground that the petition was untimely filed.

Rule 4 of the Rules Governing Section 2254 Cases (Habeas
Rules) allows a district court to dismiss a petition if it
"plainly appears from the face of the petition and any exhibits
annexed to it that the petitioner is not entitled to relief in
the district court...."

In the Ninth Circuit, respondents have been allowed to file
a motion to dismiss pursuant to Rule 4 instead of an answer if
the motion to dismiss attacks the pleadings by claiming that the
petitioner has failed to exhaust state remedies or has violated
the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915
F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion
to dismiss a petition for failure to exhaust state remedies);
<u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule
4 to review a motion to dismiss for state procedural default);
<u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982)
(same). Thus, a respondent may file a motion to dismiss after
the Court orders the respondent to respond, and the Court should
use Rule 4 standards to review a motion to dismiss filed before a
formal answer. <u>See, Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss addresses the
timing of the filing of the petition. The material facts
pertinent to the motion are mainly to be found in copies of the

1  official records of state judicial proceedings which have been

2  provided by Respondent and Petitioner, and as to which there is

3  no factual dispute. Because Respondent has not filed a formal

4  answer and because Respondent's motion to dismiss is similar in

5  procedural standing to a motion to dismiss for failure to exhaust

6  state remedies or for state procedural default, the Court will

7  review Respondent's motion to dismiss pursuant to its authority

8  under Rule 4.

9      II. <u>The Limitations Period</u>

10     On April 24, 1996, Congress enacted the Antiterrorism and

11 Effective Death Penalty Act of 1996 (AEDPA), which applies to all

12 petitions for writ of habeas corpus filed after its enactment.

13 <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114

14 F.3d 1484, 1499 (9th Cir. 1997).  Petitioner filed his petition

15 for writ of habeas corpus on July 9, 2008.  Thus, the AEDPA

16 applies to the petition.

17     The AEDPA provides a one-year period of limitation in which

18 a petitioner must file a petition for writ of habeas corpus.  28

19 U.S.C. § 2244(d)(1).  It further identifies the pendency of some

20 proceedings for collateral review as a basis for tolling the

21 running of the period.  As amended, subdivision (d) provides:

22     (d)(1) A 1-year period of limitation shall apply to
       an application for a writ of habeas corpus by a person
23     in custody pursuant to the judgment of a State court.
       The limitation period shall run from the latest of —
24
           (A) the date on which the judgment became final by
25         the conclusion of direct review or the expiration
           of the time for seeking such review;
26
           (B) the date on which the impediment to filing an
27         application created by State action in violation of
           the Constitution or laws of the United States
28         is removed, if the applicant was prevented from

filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

III. Analysis

Pursuant to § 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final.

Here, the parties disagree on when direct review concluded. Further, Petitioner asserts equitable defenses to the running of the statute, argues that state rulings could not serve as adequate and independent procedural grounds, and contends that the decision in Cunningham v. California, 549 U.S. 270 (2007) constituted a new rule of law.

A. Factual Summary

An abstract of judgment of the Superior Court of the County of Tulare in case number Cr-F-01-75146-2, filed on January 18, 2002, reflects that upon his pleas of no contest entered on October 30, 2001, Petitioner was convicted of voluntary manslaughter in violation of Cal. Pen. Code § 192(a) and assault with a semi-automatic firearm in violation of Cal. Pen. Code § 245(b); he was also subject to a sentence enhancement pursuant to

1   Cal. Pen. Code § 12022.5(a).  (LD 1.)  On January 18, 2002,

2   Petitioner was sentenced to an upper term of eleven years on the

3   manslaughter, a lower term of two years on the assault, and four

4   years on the enhancement; his total determinate term was

5   seventeen years.  (Id.)

6       Petitioner appealed to the Court of Appeal of the State of

7   California, Fifth Appellate District (DCA), which, in an opinion

8   filed on March 18, 2003, affirmed the judgment but determined

9   that the record suggested that the sentencing court did not

10  appreciate its discretionary power to grant probation to

11  Petitioner.  Thus, the DCA remanded the case for resentencing to

12  permit the sentencing court to consider whether Petitioner should

13  be granted probation.  (LD 2.)  There is no evidence suggesting

14  that Petitioner sought review of the DCA's opinion in the

15  California Supreme Court.

16      An amended abstract of judgment reflects that resentencing

17  occurred in compliance with the opinion of the DCA, and the

18  Tulare County Superior Court again sentenced Petitioner to a

19  determinate state prison term of seventeen years on November 5,

20  2003.  (LD 3.)

21      Petitioner filed an appeal, and the DCA affirmed the

22  judgment in case number F44312 in an opinion filed on March 16,

23  2005.  (LD 4.)

24      A petition for review was denied by the California Supreme

25  Court by order filed June 8, 2005, in case number S133265.  The

26  denial was without prejudice to any relief to which Petitioner

27  might be entitled after the Supreme Court determined "in *People*

28  *v. Black* S126182, and *People v. Towne*, S125677, the effect of

*Blakely v. Washington* (2004) __ U.S. __ 124 S. Ct. 2531, on California law." (LD 5.)[2]

There is no evidence before the Court suggesting that Petitioner sought certiorari.

Petitioner filed in the state courts three collateral, post-conviction petitions with respect to the pertinent judgment.

On March 27, 2007, with the assistance of the public defender, Petitioner filed a petition for habeas corpus in the Tulare County Superior Court, case number VHC 181001, alleging error pursuant to <u>Cunningham v. California</u>, 549 U.S. 270 (2007) (<u>Cunningham</u> error), because factors used to impose the upper term were neither admitted by Petitioner nor found true beyond a reasonable doubt by the trier of fact. (LD 6.) On March 28, 2007, the Tulare Superior Court denied the petition because <u>Cunningham</u> had not precluded a waiver of a jury trial on the issues of aggravating factors or an agreement to enter a plea in exchange for a lesser term of imprisonment than the defendant could receive should he be convicted in a jury trial. Petitioner had initially been charged with murder and attempted murder in violation of Cal. Pen. Code § 187, which carried a maximum sentence of fifty years to life. (LD 7 at 1.) Petitioner had chosen not to be exposed to fifty years to life in prison and to take the court's indicated sentence of up to twenty-three years in prison; he had received the benefit of his bargain. (LD 7 at 2.)

On May 22, 2007, a petition for writ of habeas corpus was

---

[2] No copy of the petition for review is in the record before this Court. (Mot. 2 n. 1.)

1  filed in the DCA alleging <u>Cunningham</u> error.  (LD 8.)  On May 24,
2  2007, the DCA denied the petition in a single sentence without a
3  statement of reasons or citation to authority.  (LD 9.)

4      On July 7, 2007, Petitioner filed a petition for writ of
5  habeas corpus in the California Supreme Court, case number
6  S154321, alleging <u>Cunningham</u> error.  (LD 10.)  On December 19,
7  2007, the Supreme Court denied the petition in a single sentence
8  without a statement of reasons or citation to any authority.  (LD
9  11.)

10          B. <u>Commencement of the Running of the Statutory Period</u>
11      The limitation period begins running on the latest of
12  several dates.  § 2244(d)(1).

13              1. <u>Final Judgment</u>

14      Respondent argues that the limitation period began running
15  on the date on which the judgment became final pursuant to §
16  2244(d)(1)(A).

17      Under § 2244(d)(1)(A), the "judgment" refers to the sentence
18  imposed on the petitioner.  <u>Burton v. Stewart</u>, 549 U.S.147, 156-
19  57 (2007).  The last sentence was imposed on Petitioner on
20  November 5, 2003.

21      Under § 2244(d)(1)(A), a judgment becomes final either upon
22  the conclusion of direct review or the expiration of the time for
23  seeking such review in the highest court from which review could
24  be sought.  <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir.
25  2001).  The statute commences to run pursuant to § 2244(d)(1)(A)
26  upon either 1) the conclusion of all direct criminal appeals in
27  the state court system, followed by either the completion or
28  denial of certiorari proceedings before the United States Supreme

1  Court; or 2) if certiorari was not sought, then by the conclusion
2  of all direct criminal appeals in the state court system followed
3  by the expiration of the time permitted for filing a petition for
4  writ of certiorari.  Wixom, 264 F.3d at 897 (quoting Smith v.
5  Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied 525
6  U.S. 1187 (1999)).

7       Here, Petitioner's direct review concluded when his petition
8  for review was denied by the California Supreme Court on June 8,
9  2005.  The time for direct review expired ninety days thereafter
10  on September 6, 2005, when the period for seeking a writ of
11  certiorari concluded.  See, Bowen v. Roe, 188 F.3d 1157, 1158-59
12  (9th Cir. 1999).  Thus, the limitations period began to run on
13  September 7, 2005, to expire one year later on September 6, 2006.
14  Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001)
15  (holding analogously that the correct method for computing the
16  running of the one-year grace period is pursuant to Fed. R. Civ.
17  P. 6(a), in which the day upon which the triggering event occurs
18  is not counted).

19       The petition was filed here on July 9, 2008.  Thus, absent
20  any tolling, the petition shows on its face, that it was filed
21  outside the one-year limitations period provided for by the
22  statute.

23            C. Statutory Tolling pursuant to 28 U.S.C. § 2244(d)(2)
24       Title 28 U.S.C. § 2244(d)(2) states that the "time during
25  which a properly filed application for State post-conviction or
26  other collateral review with respect to the pertinent judgment or
27  claim is pending shall not be counted toward" the one-year
28  limitation period.  28 U.S.C. § 2244(d)(2).

Once a petitioner is on notice that his habeas petition may
be subject to dismissal based on the statute of limitations, he
has the burden of demonstrating that the limitations period was
sufficiently tolled by providing pertinent dates of filing and
denial, although the state must affirmatively argue that the
petitioner failed to meet his burden of alleging the tolling
facts; simply noting the absence of such facts is not sufficient.
Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002).

Here, Petitioner did not file his first state petition for
collateral relief until March 27, 2007.  Thus, the statutory
period had run by the time any application for collateral relief
was filed in the state courts.

Under such circumstances, the pendency of state applications
has no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823
(9th Cir. 2003) (filing a state collateral petition after the
running of the one-year limitations period of the AEDPA but even
before the expiration of the pertinent state period of finality
did not toll the running of the period under § 2244(d)(2)).

### D.  Equitable Tolling

In his opposition to the motion to dismiss, Petitioner
argues that the running of the statute was equitably tolled by
various circumstances.

#### 1.  Legal Standards

The governing standards are established:

> "[A] litigant seeking equitable tolling [of the
> one-year AEDPA limitations period] bears the burden of
> establishing two elements: (1) that he has been
> pursuing his rights diligently, and (2) that some
> extraordinary circumstance stood in his way." Pace v.
> DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161
> L.Ed.2d 669 (2005).  "[T]he threshold necessary to

trigger equitable tolling under [the] AEDPA is very
high, lest the exceptions swallow the rule." <u>Miranda
v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir.2002) (internal
quotation marks and citation omitted).  This high bar
is necessary to effectuate the "AEDPA's statutory
purpose of encouraging prompt filings in federal court
in order to protect the federal system from being
forced to hear stale claims." <u>Guillory v. Roe</u>, 329
F.3d 1015, 1018 (9th Cir.2003) (internal quotation
marks and citation omitted).  Equitable tolling
determinations are "highly fact-dependent."
<u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th
Cir.2000) (en banc) (per curiam).  <u>Accord Lott v.
Mueller</u>, 304 F.3d 918, 923 (9th Cir.2002) (observing
that equitable tolling determinations "turn[] on an
examination of detailed facts").

<u>Mendoza v. Carey</u>, 449 F.3d 1065, 1068 (9th Cir. 2006).

Petitioner bears the burden of alleging facts that would
give rise to tolling.  <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.
2002).  The prisoner must show that the extraordinary
circumstances were the cause of his untimeliness.  <u>Stillman v.
LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir. 2003).

                 2.  <u>Ignorance and Ineffective Assistance of Counsel</u>

Petitioner states under penalty of perjury that his
"procedural default," which is understood as his delay in filing
his petition here, was due to his counsel's failure to advise him
of the procedures to be followed to proceed to federal court on
his claim after the petition for review was denied by the
California Supreme Court on June 8, 2005.  (Opp. 5, 3.)  The
attorney to whom he refers was his counsel on his appeal to the
DCA.  Petitioner states that as an uninformed layperson, he did
not know the proper procedures or time limits and believed and
assumed that his counsel filed a further appeal.  (Opp. 3.)

Petitioner's right under the Sixth and Fourteenth Amendments
to counsel on appeal was limited to his first appeal as of right;

1  it did not extend to discretionary appeals or to collateral
2  attacks on convictions.  <u>Pennsylvania v. Finley</u>, 481 U.S. 551,
3  555 (1987).  Petitioner did not have a Sixth Amendment right to
4  counsel on collateral attacks even if those proceedings were the
5  first opportunity in which Petitioner could raise the previous
6  ineffectiveness of counsel.  <u>Jeffers v. Lewis</u>, 68 F.3d 299, 300
7  (9th Cir. 1994).  Equitable tolling is not warranted where a
8  petitioner seeks to attribute his delay in filing a federal
9  petition to counsel's conduct at a time when the petitioner did
10 not have a constitutional right to counsel to perfect his post-
11 conviction petitions.  <u>Lawrence v. Florida</u>, 549 U.S. 327, 336
12 (2007).

13     Petitioner's first appeal as of right terminated on March
14 16, 2005, when the DCA affirmed the judgment upon direct appeal
15 from the resentencing of November 2003.  Thereafter, including
16 when petitioning for habeas relief, Petitioner had no right to
17 counsel under the Constitution.  Thus, at the time that the
18 alleged ineffective assistance of counsel occurred, Petitioner
19 did not have a right to counsel.

20     Generally, counsel's negligence will not be sufficient to
21 constitute extraordinary circumstances that would warrant
22 equitable tolling.  <u>Miranda v.  Castro</u>, 292 F.3d 1063, 1066-67
23 (9th Cir. 2002); <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir.
24 2001).  However, sufficiently egregious and atypical misconduct
25 of an attorney may constitute an extraordinary circumstance
26 warranting equitable tolling of AEDPA's statute of limitations.
27 <u>Spitsyn v. Moore</u>, 345 F.3d 796, 801 (9th Cir. 2003) (recognizing
28 equitable tolling in a capital case where counsel failed to

1  perform work for an extended period of time and retained the

2  client's papers throughout the limitations period despite the

3  client's diligence in communication); <u>Calderon v. U.S. Dist.</u>

4  <u>Court (Beeler)</u>, 128 F.3d 1283, 1288 (9th Cir. 1997), <u>overruled</u> <u>on</u>

5  <u>other</u> <u>grounds</u> <u>by</u> <u>Calderon v. U.S. Dist. Court (Kelly)</u>, 163 F.3d

6  530, 540-41 (9th Cir. 1998).

7      Petitioner states that he believed and assumed that counsel

8  would file a further appeal.  Petitioner does not state any

9  specific facts in support of this general statement.  He refers

10  to counsel's failure to advise him of the procedures to be

11  followed to proceed to federal court; he does not specify any

12  affirmative misrepresentation about that process, or any

13  expressed undertaking of counsel to continue beyond the scope of

14  the appointed representation on the first appeal of right or

15  otherwise to file for additional relief in other courts.

16  Petitioner has not established that there was any extreme or even

17  gross misfeasance or malfeasance of counsel within the scope of

18  the appellate proceedings before the DCA that could be

19  characterized as extraordinary.  Petitioner thus has not met his

20  burden to specify the facts that demonstrate that it was

21  extraordinary circumstances, and not Petitioner's lack of

22  diligence, from which the untimeliness resulted.  <u>Roy v. Lampert</u>,

23  465 F.3d 964, 973 (9th Cir. 2006).

24      Further, there is no showing how counsel's failure of advice

25  in early 2005 actually caused Petitioner's continued failure to

26  seek relief in the federal courts.  After direct review became

27  final in September 2005, it was about eighteen months until

28  Petitioner first sought collateral, post-conviction relief in the

1    Superior Court.  Even if this delay were understandable with
2    respect to the errors alleged on the basis of <u>Cunningham v.</u>
3    <u>California</u>, 549 U.S. 270 (2007), which was decided in January
4    2007, Petitioner has not provided facts concerning this period
5    that explain the delay with respect to his other claims
6    concerning the sentencing in 2003 as to which direct appellate
7    review in the state courts was final in September 2005.

8        Further, after the California Supreme Court denied his third
9    state petition in December 2007, Petitioner delayed in filing his
10   petition in federal court for almost seven months until July
11   2008.  Petitioner provides no specific facts constituting
12   extraordinary circumstances or demonstrating diligence.

13       The repeated delays are inconsistent with reasonable
14   diligence.  In <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418-19 (2005),
15   the Court addressed whether petitions that were untimely pursuant
16   to state standards were "properly filed" under § 2244(d)(2), and
17   it assumed that the doctrine of equitable tolling could be
18   applied to toll the running of § 2244(d).  In <u>Pace</u>, the Court
19   held that a petitioner proceeding pursuant to § 2254 was
20   nevertheless not entitled to equitable tolling because he had not
21   demonstrated diligence.  Facts pertinent to the validity of his
22   plea had been known to the petitioner for ten years.  Because the
23   petitioner had repeatedly delayed, with the most recent delay
24   enduring for five months after the date of finality in the state
25   courts, he was not entitled to statutory tolling under § 2244(d),
26   and likewise was not entitled to equitable tolling, even if he
27   had relied on erroneous judicial decisions to his detriment,
28   because he lacked diligence.  <u>Id.</u> at 418-19.

1    Part and parcel of Petitioner's assertion here concerning

2    counsel's inaction or failure of advice is the additional

3    circumstance of Petitioner's ignorance.  Petitioner states under

4    penalty of perjury that he did not know the proper procedure or

5    time limits for filing a petition in this Court.  However, a pro

6    se petitioner's confusion or ignorance of the law is not alone a

7    circumstance warranting equitable tolling.  Rasberry v. Garcia,

8    448 F.3d 1150, 1154 (9th Cir. 2006).  Petitioner has not shown

9    anything more than individual ignorance or generalized confusion.

10    Further, Petitioner has not alleged specific facts showing

11    that he was diligent or lacked the time or resources with which

12    to exercise a diligent attempt to learn the relatively simple

13    procedures for seeking review by the California Supreme Court and

14    for filing for relief in the federal system.  It is established

15    that the failure of the person seeking equitable tolling to

16    exercise reasonable diligence in attempting to file timely after

17    the extraordinary circumstances begin disrupts the link of

18    causation between the circumstances and the failure to file.

19    Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003).

20    Here, Petitioner's delays in commencing proceedings to

21    obtain post-conviction, collateral relief and in bringing his

22    claims to federal court after state court review was completed

23    and final are significantly longer than the unexplained periods

24    of three (3) months to four (4) months held to have been

25    unreasonable and inconsistent with the diligent pursuit of rights

26    required for entitlement to equitable tolling in Chaffer v.

27    Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010).

28    In summary, the Court concludes that Petitioner has not

14

shown that the circumstances of his ignorance and his counsel's alleged omissions warranted equitable tolling.

### 3.   Prison Transfers and Programs

Petitioner asserts that his untimely filing was because of circumstances warranting relief:

> [E]xternal forces beyond petitioner's control of counsel not advising petitioner of the procedures on proceeding to federal court on his claim and of being transferred to various institutions and being on modified prison programs resulted on (sic) petitioner's late filing of his petition to this Court.... (Opp. 5.)

In order to establish that timely filing was prevented by external circumstances, it is a petitioner's burden to establish the specific facts concerning the particular grounds asserted to have prevented timely filing; further, the petitioner must establish that timely filing was rendered impossible by the condition alleged to warrant tolling, including the petitioner's ignorance or lack of notice of pertinent decisions or developments in his case, the complete unavailability of legal papers or library materials, or placement or programming in prison precluding the timely filing of a petition. Ramirez v. Yates, 571 F.3d 993, 997-1001 (9th Cir. 2009); Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005).  To warrant the extraordinary intervention of equity, a petitioner is required to set forth facts concerning the absence of specific resources and the precise effect thereof on the ability to file a timely petition.  Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010). Generally, transfers of inmates within the prison system and a shortage of library access or volumes are not extraordinary circumstances; rather, they are ordinary

1  vicissitudes of prison life.  Id.

2      Here, Petitioner makes only the most generalized assertions

3  concerning transfers and programming.  He has not demonstrated

4  extraordinary circumstances or diligence.  Therefore, the Court

5  concludes that Petitioner has failed to establish that the

6  running of the statute should be equitably tolled.

7            E.  Newly Recognized Constitutional Right

8      Petitioner argues that the statutory period began to run on

9  a date subsequent to the time of the finality of the judgment,

10 namely, pursuant to § 2244(d)(1)(C):

11          (C) the date on which the constitutional right
            asserted was initially recognized by the Supreme
12          Court, if the right has been newly recognized by
            the Supreme Court and made retroactively applicable
13          to cases on collateral review....

14 Petitioner contends that Cunningham v. California is either a

15 retroactive, new rule of law, or if not retroactive, a watershed

16 exception that permits his claim of Cunningham error to be

17 reached in this proceeding.  (Opp. 3-4.)

18     Under Teague v. Lane, 489 U.S. 288 (1989), a new rule of law

19 is generally not retroactive and thus applies only to cases that

20 are still on direct review; "old" rules of criminal procedure

21 generally apply both on direct and collateral review.  Whorton v.

22 Bockting, 549 U.S. 406, 416 (2007).  It has been determined that

23 the decision in Cunningham did not announce a new rule of law,

24 but rather merely applied the rule announced by the Supreme Court

25 in Blakely v. Washington, 542 U.S. 296 (2004).  Butler v. Curry,

26 528 F.3d 624, 639-39 (9th Cir. 2008).

27     The rule of Blakely, which was new, is not retroactively

28 applicable to cases on collateral review.  Schardt v. Payne, 414

1   F.3d 1025, 1034-36 (9th Cir. 2005).  Thus, Petitioner cannot take

2   advantage of the particular new rule.

3        Further, as Respondent notes, Petitioner's contentions

4   concerning Blakely were briefed by Petitioner during the direct

5   review process in the Court of Appeal.  (LD 12.)  The state

6   appellate court considered the arguments in its opinion and

7   concluded that Blakely and related authority did not apply in the

8   particular circumstances of Petitioner's case. (LD 4-5.)  The

9   California Supreme Court's order of denial expressly referred to

10  a case pending before it concerning the effect of Blakely v.

11  Washington on California law.  (LD 5.)

12       The Court concludes that Petitioner has not established that

13  his circumstances come within the terms of § 2244(d)(1)(C).

14               F.   Untimeliness as a Procedural Default

15       Petitioner argues that his default of untimeliness was not

16  sufficiently independent or adequate to prevent federal review.

17  (Opp. 2.)

18       In White v Martel, 601 F.3d 882 (9th Cir. 2010), it was

19  argued that California's timeliness rule was not an "adequate"

20  procedural bar because it was vague, ambiguous, and

21  inconsistently applied.  The court determined, however, that the

22  adequacy analysis used in considering procedural default issues

23  is inapplicable to the issue of whether a state petition was

24  "properly filed" for purposes of section 2244(d)(2).  White v

25  Martel, 601 F.3d 882, 884 (citing Zepeda v. Walker, 581 F.3d

26  1013, 1018 (9th Cir. 2009)).  The court proceeded to analyze

27  Petitioner's diligence and the circumstances, and to conclude

28  that the petitioner was not entitled to statutory or equitable

17

1  tolling, all without reference to the adequacy of California's
2  processes.

3       With respect to the applicability of the adequacy analysis,
4  there does not appear to be any reason to adopt a different
5  position with respect to equitable, as distinct from statutory,
6  tolling.  Any special circumstances sought to be considered in
7  connection with the request for equitable relief are already
8  before the Court.

9       Petitioner also argues that at no time did the state courts
10 deny the petition as being untimely or procedurally defaulted,
11 and further that his claims were exhausted; thus, Jiminez v.
12 Rice, 276 F.3d 478, 482 (9th Cir. 2001) and Ferguson v.
13 Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), authorities relied
14 on by Respondent, do not apply.  (Pet. 3.)

15      However, it is not asserted or contended by Respondent that
16 the state courts either found that the petitions filed in the
17 state courts were untimely or imposed a procedural bar to
18 consideration of Petitioner's claims by this Court.

19      The Court concludes that Petitioner has not demonstrated
20 extraordinary circumstances or diligence, and thus he is not
21 entitled to equitable tolling of the statutory period.

22      In summary, the Court finds that the facts concerning the
23 various state proceedings are undisputed.  The petition was filed
24 outside of the one-year statutory period, and Petitioner failed
25 to demonstrate his entitlement to relief from the bar of the
26 statute of limitations.

27      Accordingly, Respondent's motion to dismiss the petition as
28 untimely will be granted.

1  /////

2      IV.  <u>Certificate of Appealability</u>

3      Unless a circuit justice or judge issues a certificate of

4  appealability, an appeal may not be taken to the court of appeals

5  from the final order in a habeas proceeding in which the

6  detention complained of arises out of process issued by a state

7  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

8  U.S. 322, 336 (2003).  A certificate of appealability may issue

9  only if the applicant makes a substantial showing of the denial

10 of a constitutional right.  § 2253(c)(2).  Under this standard, a

11 petitioner must show that reasonable jurists could debate whether

12 the petition should have been resolved in a different manner or

13 that the issues presented were adequate to deserve encouragement

14 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

15 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

16 certificate should issue if the Petitioner shows that jurists of

17 reason would find it debatable whether the petition states a

18 valid claim of the denial of a constitutional right and, with

19 respect to procedural issues, that jurists of reason would find

20 it debatable whether the district court was correct in any

21 procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84

22 (2000).  In determining this issue, a court conducts an overview

23 of the claims in the habeas petition, generally assesses their

24 merits, and determines whether the resolution was debatable among

25 jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

26 applicant to show more than an absence of frivolity or the

27 existence of mere good faith; however, it is not necessary for an

28 applicant to show that the appeal will succeed.  <u>Id.</u> at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

Here, because the facts concerning the various state proceedings are undisputed, and because Petitioner failed to demonstrate by specific facts his entitlement to relief from the bar of the statute of limitations, jurists of reason would not find it debatable whether the Court was correct in its ruling. Accordingly, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Respondent's motion to dismiss the petition is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE as untimely filed; and

3) The Clerk is DIRECTED to enter judgment and close the case; and

4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    May 27, 2010**                        **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE